## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**ALAINA LEE**                                                   **PLAINTIFF**

**v.**                       **Case No. 4:10-cv-1369-DPM**

**ERIC ANDREWS; STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY;
STATE FARM LIFE INSURANCE
COMPANY; STATE FARM FIRE &
CASUALTY COMPANY; and STATE FARM
GENERAL INSURANCE COMPANY**                     **DEFENDANTS**

### PROTECTIVE ORDER

The parties are into discovery in this case. They jointly move for a

protective order to expedite the flow of discovery material, facilitate the

prompt resolution of confidentiality disputes, adequately protect confidential

material, and ensure that protection is afforded only to confidential material.

The motion, *Document No. 59*, is therefore granted for good cause shown. FED.

R. CIV. P. 26(c)(1). The Court adopts the parties' agreed order, slightly modified.

There are two substantive changes: (1) the Order may not be amended without

leave of Court; and (2) rather than filing papers containing confidential

information under seal, confidential information must be redacted from filed papers unless redaction is impracticable.

1.   For the purposes of this Protective Order, except where the context dictates otherwise, the word "party" includes Alaina Lee, Eric Andrews, State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Company, and State Farm General Insurance Company.

2.   For the purposes of this Order, confidential documents and confidential information include the following:  documents, responses to requests for information, transcripts, oral deposition testimony (however perpetuated), information on video or audio tapes, and electronic information or communications designated as confidential at the time of disclosure or within a reasonable time after disclosure; documents marked as "Confidential and Subject to Protective Order" on the face of the documents when produced; documents designated as confidential by a party in its written discovery responses or in a privilege log (including supplemental responses); and any information contained in those documents.

**3.**    In this Order the words "information" and "document," when referring to confidential material, have the broadest meaning given to those terms and shall include originals and all non-identical copies of all written, printed, typed, stamped, impressed, photographic, phonographic, audio, video, digital, computer-generated, or computer-readable material of any kind whatsoever.

**4.**    The producing party, through counsel, may designate as confidential documents and information that it reasonably believes to be entitled to protection from disclosure by conspicuously marking or stamping the material as "Confidential and Subject to Protective Order" before producing the material or, in the case of deposition testimony, by making this designation on the record or in writing within thirty days after receipt of the deposition transcript.

**5.**    If any party believes that a document, testimony, or other information designated as confidential is not entitled to be treated as confidential, the party will notify the designating party of the disagreement. Counsel for the parties shall confer in an attempt to reach agreement regarding the status within ten business days after the notification.  If the parties cannot

resolve the matter, they should ask the Court for a conference or hearing on the status of the material rather than filing motions about the dispute.  Documents, information, or testimony designated as confidential pursuant to this Order shall be treated as confidential unless and until the Court rules otherwise.

      **6.**     Receipt of confidential material is permitted solely for the prosecution or defense of these litigation proceedings between the parties (including any subsequent appeals) and shall not be disclosed to any person except as specifically authorized by this Order.  Confidential material, other than Plaintiff's medical and psychological records, may be disclosed to the following people solely if counsel believes those people need to know the information to assist counsel in defending or prosecuting these proceedings:

     a.     Alaina Lee and Eric Andrews;

     b.     State Farm, its employees, agents, and representatives;

     c.     the attorneys working on behalf of any named party and all paralegal, stenographic, and clerical employees working under the direct supervision of those attorneys;

     d.     any independent expert or consultant retained by a party who is requested by the party to work or consult on this action;

-4-

e.   material witnesses who counsel reasonably expect may testify in these proceedings;

f.   court officials involved in this action (including court reporters, persons operating video equipment at depositions, and any special master or mediator appointed by the Court); and

g.   any other person so designated by Order or by further agreement of the parties.

Plaintiff's medical and psychological records may be disclosed to the following people solely if counsel believes those people need to know the information to assist counsel in defending or prosecuting these proceedings:

h.   the attorneys working on behalf of any named party and all paralegal, stenographic, and clerical employees working under the direct supervision of those attorneys;

i.   any independent expert or consultant retained or employed by a party who is requested by the party to work or consult on this action;

j.      court officials involved in this action (including court reporters, persons operating video equipment at depositions, and any special master or mediator appointed by the Court); and

k.      any other person so designated by Order or by further agreement of the parties.

Any person who reviews or receives confidential material shall not disclose the information to any other person except as allowed by, and in strict conformity with, this Order.  Any person designated in subparagraphs 6 (d), (e), (g), (i), and (k) above to whom confidential material will be disclosed must execute Appendix A before disclosure of the confidential material.  All individuals who become bound to this Order pursuant to Appendix A must acknowledge in writing that they understand that disclosure of any information subject to this Order to any other person is expressly prohibited, whether the disclosure is written, verbal, oral, or through any electronic or recorded means.

7.      If a party deems it necessary to file confidential materials with the Court, the confidential information shall be redacted to the extent necessary to preserve confidentiality, provided that the complete unredacted documents are

furnished to the Court and attorneys for the parties. FED. R. CIV. P. 5.2 and advisory committee notes. If redaction is impracticable or if the confidential information is material to the Court's decision, then and only then, papers including confidential information should be filed under seal.  Only the Court, court personnel, and counsel for the parties shall have access to any sealed record in this proceeding unless otherwise ordered by the Court.  Because documents filed under seal will be unavailable to the parties through the CM/ECF system, parties shall serve such documents by conventional means and mark the documents "CONFIDENTIAL:  FILED UNDER SEAL."

    **8.** Any pleadings, discovery responses, charts, documents, correspondence, recordings, affidavits, and transcripts that quote from, refer to, or contain copies, excerpts, or compilations, in whole or in part, of confidential material shall also be treated as confidential in the same manner as the underlying confidential material.

    **9.** The parties shall take all steps reasonably necessary to see that no person shall use, disclose, or record confidential material for any purposes other than those permitted by this Order.

**10.**     Upon termination of this proceeding, all parties and their counsel shall return all confidential material that they have received or delivered to any third parties (including all copies, charts, summaries, and excerpts thereof) to the producing party who supplied the confidential material or shall otherwise dispose of the confidential material as reasonably instructed in writing by counsel for the producing party. Lead counsel for the respective parties shall be responsible for accomplishing the collection, return, and disposition of any confidential material and shall certify the collection, return, or disposition to one another. Unless otherwise agreed by counsel for all parties, these materials shall be returned or destroyed within thirty days after termination of this proceeding, which includes any and all subsequent arbitration, requests for judicial review, petitions to enforce, petitions to set aside, and appeals.

Notwithstanding the foregoing, counsel for the parties may retain one copy of: (a) the pleadings filed in this case; (b) any briefs or legal memoranda filed in this case; (c) correspondence exchanged between the parties and third parties in this case; and (d) any transcripts of hearings or testimony in this case. These documents, however, are to be retained by counsel solely for file

-8-

retention purposes; and appropriate steps must be taken to ensure that any confidential material referenced in or attached to these documents is appropriately protected from disclosure outside of their respective law firms, pursuant to the terms of this Order.

11.     Nothing in this Order shall prevent any party from: (1) waiving the protection of this Order; (2) seeking to modify, supplement, or amend this Order; (3) seeking additional protection for particular materials; (4) or seeking to broaden or restrict the rights of access to, or the use of, confidential material listed in this Order.  This Order, however,  may not be amended without leave of Court.

12.     Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to object to any act or action based on any grounds that may have existed prior to the entry of this Order, to object to any discovery, or to contest the alleged relevance or admissibility of the materials or information produced subject to the terms of this Order.

13.     The inadvertent or unintentional disclosure or *in camera* disclosure of any confidential information by the producing party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality,

either as to the specific confidential information disclosed or as to any other related information. Any documents or information inadvertently produced and all copies and records thereof shall be immediately returned to the producing party.

14.    Nothing in this Order shall prevent a producing party or its counsel from disclosing its own confidential information as it deems appropriate.

15.    The provisions of this Order shall survive the conclusion of this action. This Court retains jurisdiction over the materials to enforce the terms of this Order.

16.    Items that shall be protected by this Order and marked "Confidential and Subject to Protective Order" shall include the following:

a.    any documents containing confidential or proprietary information related to State Farm's business operations or practices;

b.    any documents related to State Farm's former or current employees, including, but not limited to, employment and financial records of the respective individuals;

c.      any documents containing confidential or proprietary information related to Eric Andrews's business operations or practices;

d.      any documents related to Eric Andrews's former or current employees, including, but not limited to, employment and financial records of the respective individuals;

e.      Alaina Lee's medical records and notes, including but not limited to, records and notes kept by Ralph Hyman, EED;

f.      Alaina Lee's psychotherapy records and notes, including but limited to, records and notes kept by Ralph Hyman, EED; and

g.      any documents designated or marked "Confidential" by the parties to this agreement.

Parties may seek leave to supplement and amend the items contained in Paragraph 16 of this Order.

So Ordered.

D.P. Marshall Jr.
United States District Judge

12 July 2011

-11-

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**ALAINA LEE**                                                                 **PLAINTIFF**

**v.**                              **Case No. 4:10-cv-1369-DPM**

**ERIC ANDREWS; STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY;
STATE FARM LIFE INSURANCE
COMPANY; STATE FARM FIRE &
CASUALTY COMPANY; and STATE FARM
GENERAL INSURANCE COMPANY**                    **DEFENDANTS**

### APPENDIX "A"

I have read the Protective Order that was executed and entered in the above-captioned matter, and I agree to abide by all of its terms and conditions.   I acknowledge and affirm that I understand any disclosure—whether written, verbal, oral, or through electronic or recorded means—of any information that is subject to the Protective Order, to any person, entity, or organization is expressly prohibited.   I acknowledge that I will keep confidential and will not disseminate or

-1A-

disclose any of the information that I receive or review that is subject to the

Protective Order.

_____

PRINTED NAME

_____

SIGNATURE

_____

DATE SIGNED